IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LEE MITCHELL**                                                                                          **PLAINTIFF**

v.                                                                     **CIVIL ACTION NO. 3:12CV403CWR-FKB**

**TOWER AUTOMOTIVE**                                                                    **DEFENDANT**
**OPERATIONS USA I, LLC**

## ORDER GRANTING MOTION TO DISMISS

Pending before the Court is Defendant Tower Automotive Operations USA I, LLC's ("Tower Automotive" or "Tower") motion to dismiss. Docket No. 13. Plaintiff Lee Mitchell has responded in opposition, Docket No. 22, and Tower Automotive has provided a rebuttal. Docket No. 23. Thus, the matter is ripe for review. After reviewing the motions, briefs of the parties, relevant law, and arguments of counsel, the Court finds that the Defendant's motion to dismiss is due to be GRANTED.

**I. BACKGROUND**

Plaintiff, a former employee of Tower Automotive, filed a complaint in which he asserted two claims. Docket No. 1. First, he claimed that Tower was to garnish his paycheck for both a child support and a tax lien for the State of Mississippi. *Id.* at ¶ 7. He claims that the Defendant withheld the funds from his check, but did not remit the full amount due to the State under the lien. Thus, he argues that Tower breached its fiduciary duty to him by failing to turn over the garnished wages to the State. *Id.* at ¶ 7-11. Plaintiff also claims that he was subject to retaliation when he was terminated. He states that, after he asked about why the Defendant failed to submit the withheld funds to the State, the Defendant terminated him "in retaliation for having his wages garnished." *Id.* at ¶ 9-10. He argues that this termination constituted retaliation under the

1

Consumer Credit Protection Act ("CCPA"), which forbids an employer from terminating an employee because of garnishment. 15 U.S.C. § 1674.

In its motion to dismiss, the Defendant argues that, as a garnishee, it does not have fiduciary duty to its employee, only to the judgment creditor which holds the lien or which has demanded the garnishment. Docket No. 13, at 3. It also argues that the CCPA does not provide a private right of action, and that even if it did, it only applies to situations in which an employee is claiming retaliation due to a single garnishment. *Id*. at 4.

## II. ANALYSIS

### A. Legal Standard

Motions made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure test the legal viability of a complaint. A court reviewing such a motion must afford "the assumption that all of the complaint's allegations are true," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and determine whether the plaintiff's assertions suggest a "plausible" right to recovery. *Id*. at 556. According to Rule 12(b)(6), a defendant is entitled to judgment as a matter of law if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "[A] motion to dismiss under Rule 12(b)(6) serves the same function as a common law demurrer, i.e., it is used to challenge the legal sufficiency of the complaint." *Prepmore Apparel, Inc. v. Amalgamated Clothing Workers of Am.*, 431 F.2d 1004, 1006 (5th Cir. 1970) (citations and quotations omitted). Such a motion should be granted only if the complaint fails to illustrate a set of factual allegations under which no plausible right of relief exists. *Twombly*, 550 U.S. at 570 (plaintiff must plead "enough facts to state a claim to relief that is plausible on its face.").

A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. *See also Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

  *B. Breach of Fiduciary Duty*

  Plaintiff claims that Tower breached its fiduciary duty to Plaintiff when it allegedly failed to release the entire garnishment amount to the State of Mississippi.[1] Under Mississippi law, garnishment is a proceeding between a judgment creditor, or garnishor, and a garnishee, which is often the judgment debtor's employer. *Y-D Lumber Co., Inc. v. Humphreys Co.*, 2 So.3d 793, 795 (Miss. Ct. App. 2009) (citing *Folse v. Stennett-Yancy*, 757 So.2d 989, 991-92 (Miss. 2000)). A judgment debtor is not a party to garnishment proceedings which involve a judgment creditor and the debtor's employer. *Id*. (striking judgment debtor's brief on the ground that the judgment debtor "is not a party to these proceedings, and he has no standing to file a brief.").

  In this case, Plaintiff is the judgment debtor; Tower is the garnishee; and the State of Mississippi is the judgment creditor. Once Tower is provided with a Notice of Income Withholding and Writ of Garnishment, Tower owes a legal obligation to that particular creditor to withhold wages within the limits of the law and submit payment to the judgment creditor, not to the Plaintiff. Mississippi courts generally do not recognize a fiduciary duty between an employer and employee. *See, e.g.*, *Guthrie v. JC Penney Co.*, 803 F.2d 202, 211 (5th Cir. 1986)

---

[1] The Defendant has also provided evidence that the Plaintiff was subject to multiple garnishments, in addition to the child support and a single state tax lien identified in the complaint. The additional garnishments and withholdings include one federal tax levy, another state tax levy, and three garnishments from Hinds County Justice Court. *See* Docket No. 13, Exhibits 1-7. These garnishments and withholdings are noted for accuracy. To the extent that they establish that he has been subject to more than "one indebtedness" under the CCPA, *see infra* at 5 n.3, the Plaintiff has alleged at least two instances of indebtedness subject to garnishment in his complaint. Taking the Plaintiff's statements as true, the additional information provided by Defendant does not change the analysis on that issue.

3

(affirming the dismissal of employee's breach of fiduciary duty claim because Mississippi is an "at-will" state and there is no fiduciary duty owed to an employee by an employer) (citing *Kelly v. Miss. Valley Gas Co.*, 397 So.2d 874 (Miss. 1981)).

Plaintiff replies that the claim should not be dismissed because "the amount deduction do not match the payroll amount to the Federal Tax Levy and State Tax Levy." Even assuming the Plaintiff's allegations are true, any improper withholding on Tower's part would result in Tower owing money to the State of Mississippi, not to the Plaintiff. Any improper withholding would provide the State of Mississippi a reason to assert a cause of action against Tower. *See Folse*, 757 So.2d at 991 (finding that a garnishment action lies between the judgment creditor and the garnishee, and the judgment debtor is not a proper party) (citing Miss. Code Ann. § 11-35-31).[2] Plaintiff's claim is based upon a fiduciary duty that does not exist, and it is due to be dismissed as a matter of law.

### C. Retaliation Claim

Plaintiff has argued that Tower discharged him from his employment in retaliation for garnishment of wages, in violation of the CCPA. The CCPA provides, in relevant part:

> (a) No employer may discharge any employee by reason of the fact that his earnings have been subjected to garnishment for any one indebtedness.
> (b) Whoever willfully violates subsection (a) of this section shall be fined not more than $1,000, or imprisoned not more than one year, or both.

15 U.S.C. § 1674(a)-(b).

It also provides that "[t]he Secretary of Labor, acting through the Wage and Hour Division of the Department of Labor, shall enforce the provisions of this subchapter." 15 U.S.C.

---

[2] The Mississippi garnishment statute provides liability against the garnishee, not a judgment debtor, if there is a failure to pay. *See* Miss. Code Ann. § 11-35-31 ("If a garnishee, personally summoned, shall fail to answer as required by law . . . the court shall enter judgment against him [the garnishee] for the amount of plaintiff's demand; and execution shall issue" unless the garnishee shows the amount of the debtor's property that he holds and his "indebtedness to the debtor" is insufficient); § 11-35-33 (allowing proceedings against garnishee to be stayed if the debtor asserts a right to exemption).

§ 1676. In the Fifth Circuit, it is well settled that there is no private right of action for one who alleges that he has been fired because of garnishments. *Smith v. Cotton Bros. Baking Co.*, 609 F.2d 738 (5th Cir. 1980), *cert. denied*, 449 U.S. 821 (1990). In *Smith*, an employee brought a wrongful discharge claim against his employer pursuant to the CCPA because his wages were garnished. *Id*. at 739. However, the Fifth Circuit analyzed the language of the statute and concluded that no private remedy was implied under the CCPA. *Id*. at 742-43 ("Since there is no implied private right of action, plaintiff has asserted no claim for which he may be granted relief; accordingly, the district court did not err when it dismissed plaintiff's entire complaint.").[3]

In this case, even assuming that Plaintiff was terminated in retaliation for having garnishments, the law does not provide him with a right to recovery. The statute requires that the action be brought by the Secretary of Labor. *See id.*; *Simpson v. Sperry Rand Corp.*, 350 F. Supp. 1057, 1059 (W.D. La. 1972), *vacated on other grounds*, 488 F.2d 450 (5th Cir. 1973) (concluding that "there is clear congressional intent evidencing that there was no desire to create a *private remedy* under the garnishment section of the Act.") (emphasis in original). Plaintiff has asserted a claim for which he is not able to obtain a recovery individually. Thus, his claim under the CCPA is dismissed as a matter of law.

### III. CONCLUSION

---

[3] The Defendant also argues that the CCPA only provides protection for "any one indebtedness," and that this provision would not apply to the Plaintiff because he has multiple garnishments, or instances of indebtedness. Docket No. 14, at 6 (citing *Cheatham v. Va. Alcoholic Beverage Control Bd.*, 501 F.2d 1346, 1347 (4th Cir. 1974)). The Fifth Circuit has concurred with this principle in *Brennan v. Gen. Tel. Co. of Fla.*, 488 F.2d 157 (5th Cir. 1973), where the question was whether garnishments that occurred prior to the effective date of the statute would be considered for determining whether the applicant had more than "one indebtedness." The Court determined that termination of employee's employment due to garnishment did not violate the CCPA where employee's wages had been garnisheed three times for three separate instances of indebtedness prior to effective date of the CCPA even though the employee's wages had been garnished only once after the effective date of the Act. *See id*. at 159 ("The definition of garnishment [in the Act], for example, merely describes and delimits an event which may not serve as a predicate for firing *unless it has occurred in connection with two debts*.") (emphasis added). *See also Johnson v. Town of Trail Creek*, 771 F. Supp. 271, 274 (N.D. Ind. 1991) ("Congress intended 15 U.S.C. § 1674(a) to benefit those discharged for a *single garnishment*.") (emphasis added).

For the reasons stated above, Defendant's motion to dismiss is GRANTED. A final judgment will be entered in accordance with this order.

**SO ORDERED**, this the 12th day of February, 2014.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE